IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

USA,

              Plaintiff,

      v.

HOWARD DIXON,

             Defendant.

Case No. 18-cr-00319-CRB-1

**JURY INSTRUCTIONS**

## **Duties of Jury to Find Facts and Follow Law**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, or gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

## Charge Against Defendant Not Evidence—Presumption of Innocence—Burden of Proof

The indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence. The defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

## **Defendant's Decision Not to Testify**

A defendant in a criminal case has a constitutional right not to testify. In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

### Reasonable Doubt—Defined

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

# **Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial. You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**<u>What Is Evidence</u>**

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits received in evidence; and

(3) any facts to which the parties have agreed.

## **What Is Not Evidence**

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

# **Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

## **Opinion Evidence, Expert Witness**

You have heard testimony from Officer Tursi and Doctor Galloway who testified to opinions and the reasons for their opinions. This opinion testimony is allowed because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

# **Impeachment Evidence—Witness**

You have heard evidence that Samuel Vaughn, a witness, has been convicted of certain crimes. You may consider this evidence in deciding whether or not to believe this witness and how much weight to give to the testimony of this witness.

## **Activities Not Charged**

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment. The defendant is not on trial for any conduct or offense not charged in the indictment.

## **Other Crimes, Wrongs or Acts of Defendant**

You have heard evidence that the defendant committed other crimes not charged here. You may consider this evidence only for its bearing, if any, on the question of the defendant's intent, motive, opportunity, knowledge, and for no other purpose. While you may consider this evidence for these purposes, you may not consider this evidence as evidence of the defendant's propensity to commit a crime.

United States District Court
Northern District of California

### **Separate Consideration of Multiple Counts—Single Defendant**

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

## **Knowingly—Defined**

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

## **Duty to Deliberate**

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, or gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

## Controlled Substance—Possession With Intent to Distribute (21 U.S.C. § 841(a)(1))

The defendant is charged in the indictment with Count One, possession of heroin with intent to distribute in violation of Section 841(a)(1) of Title 21 of the United States Code, Count Two, possession of cocaine with intent to distribute in violation of Section 841(a)(1) of Title 21 of the United States Code, and Count Three, possession of methamphetamine with intent to distribute in violation of Section 841(a)(1) of Title 21 of the United States Code. In order for the defendant to be found guilty of any of these counts, the government must prove each of the following elements beyond a reasonable doubt as to a count:

First, the defendant knowingly possessed the drug specified in Counts One, Two, and Three; and

Second, the defendant possessed it with the intent to distribute it to another person.

The government is not required to prove the amount or quantity of heroin, cocaine, or methamphetamine. It need only prove beyond a reasonable doubt that there was a measurable or detectable amount of heroin, cocaine, or methamphetamine.

It does not matter whether the defendant knew that the substance was heroin, cocaine, or methamphetamine. It is sufficient that the defendant knew that it was some kind of federally controlled substance.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of heroin, cocaine, or methamphetamine to another person, with or without any financial interest in the transaction.

## **Possession—Defined**

A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

## **Lesser Included Offense**

The crimes of possession with intent to distribute heroin, cocaine, or methamphetamine include the lesser crimes of simple possession of heroin, cocaine, or methamphetamine. If (1) any of you are not convinced beyond a reasonable doubt that the defendant is guilty of possession with intent to distribute heroin as charged in Count One, cocaine in Count Two, or methamphetamine in Count Three and (2) all of you are convinced beyond a reasonable doubt that the defendant is guilty of the lesser crime of simple possession of heroin, cocaine, or methamphetamine, you may find the defendant guilty of simple possession of heroin, cocaine, or methamphetamine.

In order for the defendant to be found guilty of the lesser crimes of simple possession of heroin, cocaine, or methamphetamine, the government must prove the following elements beyond a reasonable doubt:

That on or about March 9, 2018, the defendant knowingly possessed a substance containing a detectable amount of heroin, cocaine, or methamphetamine.

## Consideration of Evidence—Conduct of the Jury

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

## **Use of Notes**

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors

### **Jury Consideration of Punishment**

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

United States District Court
Northern District of California

## **Verdict Form**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

## Communication With Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

**IS SO ORDERED.**

Dated: December 5, 2018

CHARLES R. BREYER
United States District Judge